IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NICHOLAS BENNETT,

                    Plaintiff,

v.

DR. KIM and DR. SYED,

                    Defendants.

OPINION and ORDER

20-cv-861-jdp

Plaintiff Nicholas Bennett, appearing pro se, is a prisoner at the Dane County Jail. Bennett alleges that jail medical staff delayed in giving him medical treatment after two separate incidents in which he slipped on the floor and fell. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Bennett's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Bennett alleges that he slipped and fell twice in early July 2020, injuring his ankle, but he didn't get pain medication or ice until a day after his second fall, he didn't receive an x-ray until about a week after the second fall, and he didn't receive a brace until about three weeks after the second fall. Even then, the brace was too small and the brace was replaced twice over

the next few days. A nurse told him that defendant Syed "lied getting a brace and said he would get him one just to shut up." Dkt. 1, at 2. Bennett says that his ankle still hurts because of the delays in treatment.

It's unclear precisely what constitutional standard Bennett's claims fall under. Under the Eighth Amendment, a convicted prisoner generally needs to show that the defendant intentionally harmed him or acted with deliberate indifference toward a risk of harm to him. But Bennett is being held in jail; pretrial detainees (who are not convicted prisoners) need not prove the defendant's subjective state of mind to prove a claim under the Fourteenth Amendment; they need show only that the defendant's actions were "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–400 (2015) (discussing an excessive force claim); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (expanding *Kingsley's* rationale to medical care claims). Bennett's allegations that jail officials delayed his care could support claims under either standard.

But I will dismiss Bennett's complaint because he does not explain what either of the two named defendants—Dr. Kim and Dr. Syed—have done to violate his rights, so his complaint does not comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

To state a claim for a violation of his constitutional rights, Bennett needs to explain how each named defendant was personally involved in violating his rights. See 42 U.S.C. § 1983 (plaintiff may bring lawsuit against "every person" who violated his rights). *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017). Bennett doesn't do that in his complaint: he doesn't explain who caused the delay in medication or his x-ray, and his statement about a nurse telling him that Syed lied about a brace is not clear enough for me to tell what Syed did to harm Bennett or when Syed harmed him. Bennett names Dr. Kim as a defendant but Kim is not mentioned in the body of the complaint.

I will dismiss Bennett's complaint for violating Rule 8, and I will give him a short time to file an amended complaint that more clearly explains how defendants harmed him. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain specifically what Syed or Kim did to harm him. If other jail officials are responsible for some of the alleged delays, he cannot proceed with claims against them unless he names them as defendants in his amended complaint. If Bennett fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Nicholas Bennett's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until November 4, 2020, to submit an amended complaint.

Entered October 15, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge