IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS BENNETT,

                              Plaintiff,                    OPINION and ORDER

   v.

DR. KIM and DR. SYED,                                      20-cv-861-jdp

                              Defendants.

---

Plaintiff Nicholas Bennett, appearing pro se, is a prisoner at the Dane County Jail. Bennett alleges that jail medical staff delayed in giving him medical treatment after two separate incidents in which he slipped on the floor and fell. I dismissed Bennett's complaint because it violated Federal Rule of Civil Procedure 8 by failing to explain how either of the two named defendants—Dr. Kim and Dr. Syed—violated his rights. *See* Dkt. 6. I gave Bennett a chance to amend his complaint to further explain his claims, and Bennett has now submitted a supplement to his complaint. Dkt. 7.

But Bennett's supplement only reiterates the allegations that I previously concluded were inadequate to support a constitutional claim against Kim or Syed. Bennett continues to allege that there was delay in his care: after his second fall, he did not receive treatment for 24 hours. He then received pain medication and ice, but he didn't receive an x-ray for a week and then didn't receive a brace until three weeks after the x-ray. Bennett says that the initial brace was inadequate and that it was replaced twice, and someone told him that Syed "lied, getting a brace and said he would get him one just to shut up." *Id.* at 1.

Bennett's supplement has the same problems as his original complaint: he doesn't explain who caused the delay in medication or his x-ray, and his statement about someone

telling him that Syed lied about a brace is not clear enough for me to tell what Syed did to harm Bennett or when Syed harmed him. Bennett says that Syed's "lack of professionalism and incompetent care" has harmed him, but his characterization of Syed's treatment is not a factual allegation that can support a claim. Bennett needed to explain what Syed actually did or did not do to harm him, and he fails to do so. And Bennett still does not mention defendant Kim in his supplement.

Even after giving Bennett a chance to amend his complaint to state a constitutional claim, he has failed to do so. So I will dismiss the entire case for his failure to state a claim upon which relief may be granted, and I will assess him a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should assess strike for failure to correct a pleading that violates Rule 8).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Nicholas Bennett's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment accordingly and close the case.

3. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

Entered November 9, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge