IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS BENNETT,

                      Plaintiff,

  v.

DR. KIM and DR. SYED,

                      Defendants.

OPINION and ORDER

20-cv-861-jdp

---

NICHOLAS SCOTT BENNETT,

                      Plaintiff,

  v.

DANE COUNTY SHERIFF'S OFFICE, ET AL.,

                      Defendants.

OPINION and ORDER

20-cv-1053-jdp

---

Plaintiff Nicholas Bennett, appearing pro se, is a prisoner at the Dane County Jail. In case No. 20-cv-861-jdp, Bennett alleged that jail medical staff delayed in giving him medical treatment after two separate incidents in which he slipped on the floor and fell. I dismissed the case for Bennett's failure to state a claim upon which relief may be granted; even after I gave him a chance to amend his complaint, Bennett was unable to explain how either of the two named defendants—Dr. Kim and Dr. Syed—violated his rights. *See* Dkt. 10.[1] Most recently, Bennett asked to reopen the case, and I gave him a final deadline to submit a new complaint fixing his pleading problems. *See* Dkt. 13.

---

[1] Unless otherwise noted, all docket citations in this opinion are to case No. 20-cv-861-jdp.

Bennett has not yet filed an amended complaint in the '861 case. But shortly after the '861 case was dismissed, he filed a second complaint and he sought leave to proceed in forma pauperis with a brand-new lawsuit. That complaint was docketed under case No. 20-cv-1053-jdp. His allegations in the new complaint concern one of the slip-and-fall incidents mentioned in the '861 case. There's no reason for Bennett to have two separate lawsuits about the same events, particularly given that I have already given him a chance to submit a new complaint in the closed '861 case. I will direct the clerk of court to docket the '1053 complaint into the '861 case, remove the "strike" under 28 U.S.C. § 1915(g) issued against Bennett in the '861 case, and transfer his filing fee payments from the '1053 into the '861 case. The clerk should close the '1053 case and Bennett will not owe a fee for that case.

I previously explained to Bennett that is unclear precisely which constitutional standard his claims fall under: the Eighth Amendment's "deliberate indifference" standard governs cases brought by prisoners while the Fourteenth Amendment's "objectively unreasonable" standard applies to cases brought by pretrial detainees. But Bennett's new allegations are clear enough to state claims for relief under either standard.

Bennett alleges that after he slipped and fell, he was in excruciating pain, and his mobility was "visibly impaired" for at least a few weeks following the fall. But the unidentified on-call nursing staff concluded—without assessing him—that Bennett's injury was not an emergency. So he did not receive treatment of any kind, not even medication to relieve his severe pain, until the next day. Bennett also alleges that Dr. Syed told him that he would order an ankle brace for him, but he didn't receive one until three weeks later, and even then it was inadequate. The nursing director told Bennett that Syed ordered the brace only "to shut [him]

up," which suggests that Syed had no intention of providing Bennett with timely adequate treatment.

Bennett names "Dane County Sheriff's Office, et al." as the defendants in his new complaint. As with his prior allegations, he doesn't state a claim against the sheriff's office or county itself because he does not allege that a county policy or practice caused him harm. The court normally requires a plaintiff to explicitly state who the defendants in a lawsuit are rather than use "et al." as a catch-all for anyone who may have violated his rights. But in this case it is clear that he intends to name the unidentified on-call nursing staff as defendants, and his previous complaint named Dr. Syed as a defendant. So I will allow him to proceed on constitutional claims against "John or Jane Doe" nurses for failing to assess him or take any action to get him care for the injury causing him excruciating pain, and against Syed for delay in providing him with an adequate ankle brace.

Bennett alternatively contends that defendants were negligent in delaying his care, so I will construe his complaint as including state-law medical negligence claims. Under Wisconsin law, a negligence claim "requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. For the same reasons that I am allowing Bennett to proceed on constitutional claims against the Doe nurses and Syed, I will allow Bennett to proceed on medical negligence claims against them.

At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will explain the process for Bennett to use discovery requests to identify the names of the Doe defendants and to amend the complaint to include the proper identities of these defendants.

ORDER

IT IS ORDERED that:

1. The judgment entered in case No. 20-cv-861-jdp is VACATED.

2. Plaintiff Nicholas Bennett will not owe a filing fee for case No. 20-cv-1053-jdp.

3. The clerk of court is directed to :

   - Docket plaintiff's complaint from the '1053 case into the '861 case.

   - Transfer plaintiff's payments from the '1053 case to the '861 case.

   - Rescind the "strike" assessed to plaintiff under 28 U.S.C. § 1915(g).

4. Plaintiff is GRANTED leave to proceed on constitutional and state-law medical negligence claims against defendants John or Jane Doe on-call nurses and Dr. Syed.

5. The clerk of court is directed to forward a summons, the complaint, and this order to the United States Marshal for service on defendant Syed.

6. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered December 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge